IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA



**FILED**
APR 2 2 2025
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 24-257 |
| MOHAMAD HAMAD<br>TALYA A. LUBIT<br>MICAIAH COLLINS | [UNDER SEAL] |

### SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt and Carolyn J. Bloch, Assistant United States Attorneys for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A federal grand jury returned a nine-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to Commit Offense Against the United States<br><br>From in and around July 2024 through on or about July 29, 2024 | 18 U.S.C. § 371 | HAMAD<br>LUBIT |
| 2 | Damaging and Defacing Religious Real Property<br><br>On or about July 29, 2024 | 18 U.S.C. §§ 247(c), 247(d)(5), and 2 | HAMAD<br>LUBIT |

| 3-5 | False Statement or Representation to a Department or Agency of the United States | 18 U.S.C. § 1001(a)(2) | HAMAD |

On or about February 1, 2024 (Count Three), on or about February 6, 2024 (Count Four), and on or about September 10, 2024 (Count Five)

| 6 | Conspiracy to Commit Offense Against the United States | 18 U.S.C. § 371 | HAMAD COLLINS |

From in and around June 2024 through in and around July 2024

| 7-9 | Possession of Unregistered Firearm (Destructive Device) | 26 U.S.C. § 5861(d) | HAMAD |

On or about July 18, 2024

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts 1 and 6:

In order for the crime of Conspiracy, in violation of 18 US.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Superseding Indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States and intending to join together with at least one other alleged coconspirator to achieve that objective; and

    4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the conspiracy.

Third Circuit Model Criminal Jury Instruction No. 6.18.371A

**B.     As to Count 2:**

In order for the crime of Damaging and Defacing Religious Real Property, in violation of 18 U.S.C. § 247(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant defaced, damaged, or destroyed religious real property, or attempted to do so;

    2.    That the defendant acted intentionally; and

    3.    That the defendant acted because of the race, color, or ethnic characteristics of any individual associated with that religious real property.

Title 18, United States Code, Sections 247(c) and 247(f).

**C.     As to Counts 3-5:**

In order for the crime of False Statement or Representation to a Department or Agency of the United States, in violation of 18 U.S.C. § 1001(a)(2) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant made a statement or representation;

    2.    That the statement or representation was false, fictitious or fraudulent;

    3.    That the statement or representation was material;

    4.    That the false, fictitious or fraudulent statement was made knowingly and willfully; and

5. That the statement or representation was made in a matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States.

**D.     As to Counts 7-9:**

In order for the crime of Possession of an Unregistered Firearm (Destructive Device), in violation of 26 U.S.C. § 5861(d) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a firearm;

2. That the firearm was a destructive device in that it was an improvised explosive device, commonly referred to as a pipe bomb (Counts Seven and Eight) and an explosive device made up of a red M80-style shell tube, a length of green hobby fuse, and two metal spray paint cans, secured in place with clear tape (Count Nine);

3. That the defendant knew of the characteristics of the firearm, that is, that it was an improvised explosive device, commonly referred to as a pipe bomb (Counts Seven and Eight) and an explosive device made up of a red M80-style shell tube, a length of green hobby fuse, and two metal spray paint cans, secured in place with clear tape (Count Nine);

4. That this firearm was or could readily have been put in operating condition; and

5. That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

Third Circuit Model Criminal Jury Instruction 6.26.5861.

### III. PENALTIES

**A.  As to Counts 1 and 6:  Conspiracy (18 U.S.C. § 371):**

1. Imprisonment for not more than one (1) year (Count One) or five (5) years (Count Six) (18 U.S.C. § 371);

2. A fine of not more than $100,000 (Count One) or $250,000 (Count Six) (18 U.S.C. § 3571(b)(5); 18 U.S.C. § 371); and

3. A term of supervised release of not more than one (1) year (Count One) or three (3) years (Count Six) (18 U.S.C. § 3583).

**B.  As to Count 2:  Damaging and Defacing Religious Real Property (18 U.S.C. §§ 247(c), 247(d)(5), and 2):**

1. The maximum penalties for individuals where damage to or destruction of property resulted and does not exceed $5,000 are:

   (a) Imprisonment for not more than one (1) year (18 U.S.C. § 247(d)(5))

   (b) A fine of not more than $100,000 (18 U.S.C. § 3571(b)(5)); and

   (c) Supervised release of not more than one (1) year (18 U.S.C. § 3583(b)(3)).

**C.  As to Counts 3-5:  False Statement or Representation to a Department or Agency of the United States (18 U.S.C. § 1001(a)(2)):**

1. Imprisonment of not more than five (5) years (18 U.S.C. §1001);

2. A fine not more than $250,000 (18 U.S.C. §3571(b)(3)); and

3. A term of supervised release of not more than three (3) years (18 U.S.C. §3583).

      **D.**    **As to Counts 7-9:  Possession of an Unregistered Firearm (Destructive Device) (26 U.S.C. § 5861(d)):**

      1.    A term of imprisonment of not more than ten (10) years (26 U.S.C. § 5861(d));

      2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)); and

      3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $25.00 must be imposed at Counts One and Two if the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii).

A mandatory special assessment of $100.00 must be imposed at Counts Three through Nine if the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Superseding Indictment, forfeiture may be applicable in this case.

                Respectfully submitted,

                TROY RIVETTI
                Acting United States Attorney

                *s/Nicole Vasquez Schmitt*
                NICOLE VASQUEZ SCHMITT
                Assistant U.S. Attorney
                PA ID No. 320316

                *s/Carolyn J. Bloch*
                CAROLYN J. BLOCH
                Assistant U.S. Attorney
                PA ID No. 53430